UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kumar SANDEEP,<br><br>                              Petitioner,<br><br>v.<br><br>Christopher LaROSE,<br><br>                              Respondent. | Case No.:  3:26-cv-0691-AGS-MMP<br><br>**ORDER REQUIRING RETURN** |

Petitioner Kumar Sandeep seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant an answer or return. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

Petitioner has been in immigration detention since June 23, 2025, and argues that he has been "unlawfull[y]" subjected to "pro[]longed detention" since then. (ECF 1, at 2, 6.) Although thin on critical details—including how he came to be in immigration custody in the first place, which is necessary to determine what statutory detention scheme he's subject to—petitioner's claims are not frivolous. After all, some courts have concluded that prolonged detention can violate due process, even for "arriving aliens" subject to mandatory detention under 8 U.S.C. § 1225. *See, e.g.*, *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in

concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). Thus, the government must respond.

By **February 16, 2026**, respondents must answer the petition. Any reply by petitioner must be filed by **February 24, 2026**.

Dated:  February 10, 2026

Hon. Andrew G. Schopler
United States District Judge

3:26-cv-0691-AGS-MMP